**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000880
12-MAY-2022
08:05 AM
Dkt. 56 SO**

NO. CAAP-18-0000880

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DAWN ANZALONE, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FC151000287(4))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Dawn Anzalone (**Anzalone**) appeals from the Family Court of the Second Circuit's[1] September 27, 2018 Judgment of Conviction and Probation Sentence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Anzalone's points of error as follows.

(1) Anzalone argues that the family court erred when it failed to determine if she was nonindigent before ordering her to reimburse the State for extradition costs.

Hawaii Revised Statutes (**HRS**) § 621-9(b) "requires that the court first find that the defendant is nonindigent before evaluating the facts of the case to determine whether, in its discretion, the defendant should bear the costs of extradition."

---

[1] The Honorable Richard T. Bissen, Jr., presided.

State v. Anzalone, 141 Hawaiʻi 445, 454, 412 P.3d 951, 960 (2018) [hereinafter Anzalone I].  Based on the record on appeal, the family court did not make a finding that Anzalone was nonindigent.  We, thus, vacate the family court's imposition of extradition costs on Anzalone and remand for the family court to follow the requirements set forth in Anzalone I.

(2) Anzalone argues that the State failed to adduce any evidence that the claims for payments of extradition costs were made pursuant to HRS § 621-9(b) (2016).

HRS § 621-9(b) provides the conditions under which a court may order a defendant to reimburse the State as follows:

> Whenever the presence of a defendant in a criminal case . . . who is outside the judicial circuit is mandated by court order or bench warrant to appear, the cost of airfare, ground transportation, any per diem for both the defendant or petitioner and sufficient law enforcement officers to effect the defendant's or petitioner's return, shall be borne by the State.  All such expenses shall be certified by the court or public prosecutor or the attorney general. Duly certified claims for payment shall be paid upon vouchers approved by the state director of finance and warrants drawn by the state comptroller.  The court may order the nonindigent defendant or petitioner who was returned to the State of Hawaii to reimburse the State for the costs of such extradition or return as specifically described above.

(Emphases added.)

Based on the plain language of HRS § 621-9(b), the court may order a nonindigent defendant to reimburse the state "as specifically described above."  The specific description provides that "[a]ll such expenses shall be certified by the court or public prosecutor or the attorney general" and that the certified expenses "shall be paid upon vouchers approved by the state director of finance and warrants drawn by the state comptroller."

The record contains the County of Maui Travel Form from the law enforcement escorts requesting advance payment and reimbursement for airfare, transportation, hotel, per diem, and miscellaneous costs. The record also contains invoices for airfare, lodging, transportation, and receipts for food. However, the family court did not make findings on whether these documents satisfied the conditions of HRS § 621-9(b). Should the family court find Anzalone nonindigent, it must also determine whether the conditions set forth in 621-9(b) were met before it may order Anzalone to reimburse the State.

(3) Anzalone argues that "the effect of the trial court's sentence is that [she] would be on active probation . . . [for] a period of about 6 years and 11 months - which is an impermissible length for a probation term."

In October 2015, Anzalone was convicted of Custodial Interference in the First Degree, and sentenced to a four-year term of probation. As a condition of her probation, the family court ordered Anzalone to repay extradition costs as restitution. Anzalone appealed the extradition costs.

In February 2018, the Hawaiʻi Supreme Court held that "when faced with a request for reimbursement of extradition costs made pursuant to HRS § 621-9(b), the reviewing court cannot order a criminal defendant to reimburse the State for the costs of his or her extradition unless the court has first found that the defendant is nonindigent." Anzalone, 141 Hawaiʻi at 454, 412 P.3d at 960. Although Anzalone only appealed, and the supreme court only decided, the issue of extradition costs, the supreme court vacated "Anzalone's sentence in its entirety, and

3

remand[ed] the case for sentencing anew." Id. at 458, 412 P.3d at 964.

In the meantime, Anzalone was serving her probation sentence. As the deputy prosecuting attorney reported to the family court, "in speaking with the . . . probation officer, . . . I believe to her credit defendant has been reporting." Defense counsel also represented to the family court that Anzalone "has continued to check in and be monitored by probation. She is set to expire probation at the end of October 2019. She's done everything she's -- was supposed to do while on probation." And the family court found, "I will also commend you, as the prosecutor has, for maintaining your probation contact and reporting. Apparently you have not been in any violation of your probation."

Despite complying with the terms of her probation between her original sentence in October 2015 and her resentence in December 2018, the family court sentenced Anzalone to a new four-year term of probation, concluding "it's a new term because it's a resentence." Pending an appeal, the family court noted that it "can't tell if probation continues to run during that time" and invited defense counsel to brief whether "probation should be terminated from the original date of sentence if the period wasn't tolled." Anzalone instead appealed.

HRS § 706-623 provides that "[w]hen the court has sentenced a defendant to be placed on probation, the period of probation shall be as follows, <u>unless the court enters the reason therefor on the record and sentences the defendant to a shorter period of probation</u>: . . . four years upon conviction of any

other class B or C felony[.]" HRS § 706-623(1)(b) (2014) (emphasis added). It is true that the family court's resentence of a four-year term of probation was not greater than the original sentence of a four-year term of probation, but it would be fundamentally unfair to ignore the fact that Anzalone was satisfactorily serving her probation sentence while her appeal was pending. Fukusaku v. State, 126 Hawaiʻi 555, 560, 273 P.3d 1241, 1246 (App. 2012) (quoting that "[a] defendant's exercise of a right of appeal must be free and unfettered") (citation omitted).

And fault cannot be placed with Anzalone. There was no reason for her to request a stay of her probation sentence pending the appeal because she did not appeal her probation sentence, she appealed the extradition costs. Moreover, Anzalone's case did not involve a motion to revoke probation implicating a tolling of probation pursuant to HRS § 706-627 (2014).

We, thus, interpret HRS § 706-623 as providing the family court with discretion to account for Anzalone's situation by placing on the record reasons for a shorter period of probation. See HRS § 603-21.9 (2016) (providing that the circuit courts have power to "make and award such judgments . . . and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them").

Under the circumstances of this case, and to the extent the family court imposed a sentence that would result in Anzalone

5

actually serving over six years of probation instead of the statutory maximum of four years of probation, the family court "clearly exceeded the bounds of reason or disregarded rules or principles of law" to Anzalone's substantial detriment. State v. Hussein, 122 Hawaiʻi 495, 503, 229 P.3d 313, 321 (2010).

For the foregoing reasons, we vacate Family Court of the Second Circuit's September 27, 2018 Judgment of Conviction and Probation Sentence, and remand this case for resentencing consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, May 12, 2022.

On the briefs:

Damir Kouliev,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge